UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-222-MOC

| | |
|---|---|
| CLAYTON CHARLES BOUCHER, ) | |
| ) | |
| **Plaintiff, pro se,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| CAITLIN BOND, *manager at* ) | |
| *Hire Dynamics LLC,* EMPLOYMENT ) | |
| BRIDGE, and HIRE DYNAMICS, LLC, ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on a Moton to Dismiss, or, in the Alternative, for a More Definite Statement, filed by Defendants Employment Bridge and Hire Dynamics, LLC ("Hire Dynamics") (collectively, "Defendants").[1] (Doc. No. 9). Pro se Plaintiff Clayton Charles Boucher ("Plaintiff") filed a response on November 27, 2024, (Doc. No. 12), and Defendants filed a reply on December 9, 2024. (Doc. No. 17). Plaintiff also filed an additional pleading ("Plaintiff's Second Response"), and Defendants have filed a Motion to Strike Plaintiff's Second Response. (Doc. Nos. 18, 19). This matter is now ripe for disposition.

I. BACKGROUND

This action arises from a skin illness Plaintiff suffered from while working for Defendant Hire Dynamics. (Doc. No. 1). Plaintiff's Complaint alleges he and Defendants reside in Buncombe County, North Carolina. (Id., pp. 1–2). Additionally, Plaintiff alleges he brings this case pursuant to a "90 day right to sue letter from" the North Carolina Department of Labor

---

[1] The third named Defendant, Caitlin Bond, is a manager at Hire Dynamics. Thus, this Order applies to the claims against her, too.

("NCDOL"). (Id., p. 3). Further, he alleges he filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") on April 19, 2023, and that the EEOC issued a Notice of Right to Sue letter on May 29, 2024. (Id., p. 4). However, Plaintiff did not attach documentation from either the NCDOL or the EEOC to his Complaint. Plaintiff's Complaint also states that this case is "a claim for wrongful termination," that he was employed as an assembly line worker from August 18, 2022, until December 1, 2022, and that he "consistently received positive performance reviews and met or exceeded [his] job expectations" over the course of his employment. (Id., pp. 4, 7).

Plaintiff alleges that he came in contact with fluids at work that gave him occupational eczema and burns on his skin. (Id., p. 7). He alleges that Defendants concealed the incident report related to the injury. (Id., p. 8). Plaintiff alleges that after he inquired about the implications of the injury and requested workers' compensation benefits and/or other accommodation for his injury, he was wrongfully terminated. (Id., p. 7). He claims that the "stated reason for termination lacks factual basis" and that he was wrongfully terminated under both state and federal law. (Id., p. 4). Plaintiff also claims he was discriminated against after he made a report to the "retaliatory employment burea[u]" and subsequently was treated differently by his supervisor and colleagues, "including obstructing workers' compensation benefits." (Id., p. 6).

II. STANDARD OF REVIEW

A. Rule 12(b)(1)

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "They possess only that power authorized by Constitution and statute." Randall v. United States, 95 F.3d 339, 344 (4th Cir. 1996). "Thus,

when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Vuyyuru, 555 F.3d at 347. The existence of federal subject matter jurisdiction is a threshold issue, Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999), and a challenge to the court's subject matter jurisdiction is properly considered on a motion under Fed. R. Civ. P. 12(b)(1). Clinton v. Brown, No. 3:15cv48, 2015 WL 4941799, at *2 (W.D.N.C. Aug. 19, 2015).

The burden of establishing federal subject matter jurisdiction rests on the plaintiff. Clinton, 2015 WL 4941799, at *2. The moving party should prevail on a motion to dismiss pursuant to a lack of federal jurisdiction if material jurisdictional facts are not in dispute, and the moving party is entitled to prevail as a matter of law. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

### B. Rule 12(b)(6)

Under FED. R. CIV. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A Rule 12(b)(6) motion tests the sufficiency of the complaint by asking whether the Plaintiff "has stated a cognizable claim." Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012). In reviewing a 12(b)(6) motion, the Court must accept as true all factual allegations in Plaintiff's complaint and draw all reasonable inferences therefrom in the light most favorable to Plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). That said, to survive Defendants' 12(b)(6) motion, Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level," such that the complaint contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a 12(b)(6)

3

Case 1:24-cv-00222-MOC-WCM    Document 21    Filed 02/11/25    Page 3 of 6

motion. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Instead, a complaint survives only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

Furthermore, while the Court may construe Plaintiff's complaint liberally because he is a pro se plaintiff, the complaint must still allege "'facts sufficient to state all the elements of his claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

### C. Rule 12(e)

Under Rule 12(e), "a party may move for a more definite statement of a pleading . . . which is so vague that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Rule 12(e) motions are appropriate when a "pleading fails to specify the allegations in a manner that provides sufficient notice." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 513–14 (2002). Whether a motion for a more definite statement should be granted is "generally left to the district court's discretion." Hodgson v. Virginia Baptist Hosp., 482 F.2d 821, 824 (4th Cir. 1973).

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This "short and plain statement" must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). Similarly, according to Rule 10(b), "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." FED. R. CIV. P. 10(b). "Fair notice" requires a litigant to

4

identify the specific claims and causes of action asserted against each defendant. See <u>Alston v. Chevrolet</u>, 2016 WL 4945010 *3 (D. Md. Sept. 15, 2016) ("Broad allegations of discrimination without asserting a cause of action does not give [defendant] an opportunity to properly defend itself.").

### III. DISCUSSION

The Court finds that, because Plaintiff is pro se, he will be given an opportunity to amend his Complaint to properly put Defendants on notice, state a claim under Rule 12(b)(6), and clarify this Court's subject matter jurisdiction over the dispute. Thus, the Court will deny Defendants' Motion to Dismiss at this time but grant its Motion for a More Definite Statement.

First, the Court is concerned with whether it has subject matter jurisdiction. None of Plaintiff's allegations suggest diversity jurisdiction under 28 U.S.C. § 1332, and whether there is a federal question for jurisdiction under 28 U.S.C. § 1331 is unclear. Specifically, while Plaintiff mentions that he was wrongfully terminated under "state and federal anti-discrimination laws," (Doc. No. 1, p. 4), he does not elaborate on what federal law is being violated and what facts support that claim. And, while Plaintiff claims to have received a right to sue letter from the EEOC, he did not attach that letter or explain the basis for the EEOC Charge.

<u>Thus, in amending his complaint, Plaintiff must allege and specify why this Court has subject matter jurisdiction over this action. If Plaintiff fails to establish a basis for subject matter jurisdiction, the Court may, without notice to Plaintiff, dismiss all claims as to all Defendants.</u>

The Court also encourages Plaintiff to, in amending his Complaint, ensure that his specific claims are clear and factually supported such that they state a claim upon which relief can be granted. Each individual claim should be separated and described adequately so Defendants have sufficient notice and can properly answer Plaintiff's amended complaint.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss is **DENIED**, but their Motion for a More Definite Statement is **GRANTED**. (Doc. No. 9). Plaintiff shall have 30 days from entry of this Order in which to amend his Complaint to explain why this Court has subject matter jurisdiction and clarify his allegations against Defendants. Defendants' Motion to Strike Plaintiff's Second response, (Doc. No. 19), is **DENIED**, as Plaintiff's Second Response did not affect the outcome.

Signed: February 11, 2025

Max O. Cogburn Jr
United States District Judge