1: 24-CV-222 - Moc

FILED
ASHEVILLE, NC

MAR 1 3 2025

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

Claim(1) - Fraudulent concealment of an injury

Timeline of events

On date October/26/2022, I noticed a occupational disease scabs while at a safety start up meeting at the workplace. Despite the incident being documented,(Caitlin bond) and employer client company failed to disclose important information regarding the incident report/ which significantly impacted my health and ability to seek proper medical treatment/ my floor supervisor didn't want me to see it because i told her that this occupational disease started just a few days ago and the floor supervisor put down in the incident report that it started weeks ago/(Caitlin bond) used that false statement in the (REDA) investigation

On [Date of 11/04/2022 Hospital Visit] Following the application of a cream for my injury at employer client company, which caused the scabs on my wrist to worsen, I experienced a side effect of a severe reaction that required hospitalization/(Caitlin bond) didn't want to say anything about the incident report from employer client company and hinder it from me so the doctors at the hospital will not know nothing

On date of (November/14/2022) (Caitlin bond) received an email from the employer client company about the incident report but failed to communicate any details to me, despite my emergency room visit

On date of (November/21/2022) I returned to the hospital due to worsening symptoms related to the occupational disease, which had closed my eye socket while working/(Caitlin bond) still hasn't mentioned nor say anything about it

On date (November/28/2022) I visited the hospital again, and the staffing agency office manager still did not provide the incident report nor no safety data sheets

On date of Termination (DEC/01/22) (Caitlin bond) offered me two job assignments despite my visible health issues, specifically the rashes on my arms.
- When i expressed my inability to work due to my condition, the manager dismissed my concerns and framed the situation as a personal problem.
- The manager indicated that if i did not accept the job offers, she would classify my status as a voluntary quit.
- i informed the manager of my need for workers' compensation benefits, to which she responded negatively, further emphasizing her intention to label my departure as voluntary.
- The manager's actions of withholding the incident report from me from (October/26/2022) to December/16/2022, directly impacted my ability to file a REDA claim and seek workers' compensation benefits. because if she knew i didn't have the incident report, she would not of done this

On date of (December/7/2022) I informed (Caitlin bond ) about an upcoming appointment with a dermatologist 7 days before i went but still did not receive the incident report nor safety data sheets all she said to me was "okay" not even caring if i needed the incident report or safety data sheets

 On date (December/16/2022) Frustrated by the lack of support, I informed (Caitlin bond) that I would file for workers' compensation benefits independently. Shortly after, the agency provided the incident report from employer client company which contained false statements knowing i can't call to try to fix it because i was

fired from employer client company and they didn't want to talk about something that happen on date oct/26/2022

Obstructing Access to Resources
on date April/18/2023 the office manager (Caitlin Bond) By not providing safety data sheets and relevant information, i was left at a disadvantage in preparing for my workers' compensation hearing. This obstruction directly impacted my ability to present a strong case and adequately advocate for my rights

Influence Over the Claims Process
on date of April/18/2023 the fact that office manager (Caitlin Bond) provided information to the employer's insurance lawyer while withholding the same from me indicates an unequal power dynamic. This suggests that the manager was more interested in protecting the employer's interests than in supporting me as an injured worker.

Impact on my Appeals Process
on date feb/26/2024 (Caitlin bond) The delays and lack of information contributed to my inability to present a compelling case during the appeals process with the North Carolina Industrial Commission. The office manager's actions ultimately led to my claim being dismissed based on arguments that were crafted to make my condition appear personal rather than work-related

 Impact of Concealment
The failure of the temporary staffing agency and employer client company to provide me with the incident report and safety data sheets directly affected my medical treatment and the outcome of my workers' compensation claim. I was unable to properly identify

the cause of my injury or receive adequate care, leading to prolonged suffering and complications.

 Pattern of Concealment
The series of events i have described—ranging from the initial incident report concealment to the challenges faced during the appeals process—demonstrates a clear and ongoing pattern of fraudulent concealment of an injury by (Caitlin bond). This pattern has significantly affected my ability to obtain workers' compensation benefits and has compounded the difficulties i faced due to my occupational disease injury.

this is a state tort claim

Supplemental Jurisdiction (28 U.S.C. 1367)


Claim 2 – on date oct/26/2022/ Caitlin bond was withholding of the incident report, which i needed to file a REDA claim and file for workers compensation benefits, constitutes an act of retaliation designed to impede my ability to seek legal recourse for my injury

## North Carolina Retaliatory Employment Discrimination Act (REDA) Violation:

### Retaliation for Asserting Workers' Compensation Rights

The incident report is crucial for documenting my work-related injury, which is the basis for my workers' compensation claim.

Withholding this report directly impedes my ability to pursue my claim and exercise my rights under the North Carolina Workers' Compensation Act.

This action is a clear form of retaliation, as it's designed to obstruct my legal recourse.

**State Law:**

REDA is a North Carolina state law, so this is a state-level violation.

## Americans with Disabilities Act (ADA) at the Federal Level:

### Failure to Accommodate:

If my injury resulted in a disability as defined by the ADA, the incident report could be considered necessary documentation for seeking reasonable accommodations. Withholding it could be seen as a failure to provide necessary support related to my disability.

**Retaliation:** If the report was withheld because i requested accommodations it's retaliation

### Disability Discrimination

If the incident report was withheld because of my disability, then that is disability discrimination.

### Federal Law:

The ADA is a federal law, making this a potential federal-level issue

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331

Claim 3– on date oct/26/2022(Caitlin bond) actions in concealing the incident report and preventing me from addressing inaccuracies further demonstrate retaliatory behavior aimed at undermining my ability to file a claim or seek benefits

Yes, the temp staffing office manager's actions in concealing the incident report and preventing me from addressing inaccuracies with the employer client company strongly indicate a

**North Carolina Retaliatory Employment Discrimination Act (REDA) Violation:**

### Retaliation for Asserting Workers' Compensation Rights:

The incident report is critical for documenting my work-related injury, which is the foundation of my workers' compensation claim.
Concealing the report and preventing me from addressing inaccuracies directly obstructs my ability to pursue my claims and seek benefits.
This action demonstrates a clear retaliatory motive, as it's designed to undermine my legal rights.

### Obstruction of Legal Recourse:

By preventing me from correcting inaccuracies, the office manager is effectively hindering my ability to present an accurate and complete claim.

### State Law

REDA is a North Carolina state law, so this is a state-level violation.

**Federal Law (Americans with Disabilities Act - ADA):**

**Failure to Accommodate:**
 my injury resulted in a disability as defined by the ADA, the incident report could be considered necessary documentation for seeking reasonable accommodations.
Withholding it could be seen as a failure to provide necessary support related to my disability.

**Retaliation**
If the report was concealed because i requested accommodations or exercised my ADA rights, it's retaliation.

**Disability Discrimination**
If the incident report was concealed because of my disability, then that is disability discrimination.

**Federal Law:**
The ADA is a federal law, making this a potential

federal-level issue

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331

Claim 4- on date of dec/16/2022 The refusal of the employer client company and (Caitlin bond) to discuss the incident report and the subsequent firing, based on misinformation provided by the temp staffing agency

office manager, constitutes retaliation for my attempts to seek clarification and assert my rights.

If my occupational disease resulted in a disability as defined by the ADA, and the misinformation and firing were related to that disability, i might have an ADA claim.

The ADA prohibits discrimination against qualified individuals with disabilities.

## Intersection of REDA and ADA:

It's possible for both REDA and the ADA to apply in the same situation. For example, if i was retaliated against for filing a workers' compensation claim related to a disability, i could have claims under both laws

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331 (Federal Question Jurisdiction)

Claim 5 – on dec/01/2022/ (Caitlin bond) Misrepresentation of my injury claims and retaliation for asserting my rights/ North Carolina Retaliatory Employment Discrimination Act (REDA) Violation

Disability discrimination

 my injury results in a disability as defined by the ADA, and the misrepresentation and retaliation are based on that disability, i have an ADA claim.

It's entirely possible for both REDA and the ADA to apply simultaneously. my occupational disease results in a disability, and my employer misrepresents my injury to obstruct both my workers' compensation claim and my ADA rights, i can pursue claims under both state and federal law in my assessment that both REDA and the ADA could very well apply to a situation involving misrepresentation of injury claims and retaliation for asserting my rights.

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331 United States/ 28 U.S.C. 1331 (Federal Question Jurisdiction)

Claim 6 -on date Dec/01/2022 (Caitlin Bond) decision to offer me jobs despite knowing my medical condition and not providing the incident report

The primary focus of this situation is likely a REDA violation, due to the direct impact on my potential workers' compensation rights.
An ADA violation could be present, but only if my medical condition meets the definition of a disability under the ADA,

and the actions of Caitlin bond were taken because of that disability

Caitlin bond actions, as described, primarily fall under the jurisdiction of North Carolina's REDA.

Federal law, specifically the ADA, may apply if my medical condition is a disability

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331 (Federal Question Jurisdiction)

Claim 7 -on date of Dec/01/2022/ By threatening to classify my status as a voluntary quit if i did not accept the job offers, the manager retaliated against me for asserting my rights to workers' compensation benefits

North Carolina Retaliatory Employment Discrimination Act (REDA) Violation: my refusal to accept the job offers is directly linked to my efforts to protect my rights related to my work-related injury and potential workers' compensation claim. The manager's threat is a clear act of retaliation for my refusal to comply with their demands.

The manager's threat is a clear act of retaliation aimed at coercing me to forgo my rights. for my refusal to comply with their demands.

Threatening to classify my status as a voluntary quit, is a direct threat of adverse action.

**Coercion and Intimidation:**

The threat is a form of coercion, designed to intimidate me into accepting the job offers, even if they are unsuitable or harmful to my medical condition.

REDA is a North Carolina state law, making this a state-level issue.

## ADA (Americans with Disabilities Act) Federal Violation:

(Disability Discrimination)

my work-related injury resulted in a disability as defined by the ADA,( caitlin bond) actions could be considered disability discrimination.

the job offers where not reasonable accommodations, and were offered to prevent me from getting reasonable accommodations, then that is a federal violation.

Failure to Accommodate

i needed reasonable accommodations related to my disability, and Caitlin bond job offers were not suitable accommodations, this could be a failure to accommodate. Threatening me with termination for not taking a job that is not a reasonable accommodation, this is a violation of the ADA.

Retaliation

the threat was made because i requested accommodations or exercised my ADA rights, it's retaliation.

**Federal Law:** The ADA is a federal law, making this a potential federal-level issue

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331

Claim 8 -on date of Dec/01/2022/ Retaliation for seeking treatment for a work-related injury, which resulted in termination.

Wrongful termination

**Disability Definition:**

The ADA protects "qualified individuals with disabilities." To be protected, my work-related injury must meet the ADA's definition of a disability, which is a physical or mental impairment that substantially limits one or more major life activities.

Therefore, i could potentially have claims under both federal (ADA) and state (workers' compensation, REDA) laws.

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331 (Federal Question Jurisdiction)

Claim 9- ADA claim -on date Dec/01/2022 (Caitlin Bond) decision to offer me jobs despite knowing my medical condition and not providing the incident report and safety data sheets

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331 (Federal Question Jurisdiction)

Claim 10 – on date of April/18/2023/ The lack of a proper final injury report and safety data sheets due to (Caitlin bond) failure to provide it, combined with the dismissal of my injury report by the deputy commissioner, represents a retaliatory act against me for filing a claim and seeking benefits. This is especially evident since the timing of these events aligns closely with my attempts to address my injury and claim rights

## North Carolina Retaliatory Employment Discrimination Act (REDA) Violation

### Retaliatory Misrepresentation:

The senior manager for the human resources office of Meritor cover letter, which omits crucial details (Loctite-680 lubricant oil), and the human resources senior manager's statements that as speculation and hearsay the employer insurance lawyer, can be seen as a deliberate attempt to misrepresent the circumstances of my occupational disease.

This misrepresentation, and the subsequent throwing out of the evidence, directly hinders my ability to pursue my workers' compensation claim.

This is a retaliatory action, as it's designed to obstruct my access to benefits.

### Obstruction of Workers' Compensation:

The omission of vital information and the misrepresentation of facts directly obstruct my ability to present a complete and accurate claim to the NCIC.

The employer insurance lawyer saying the evidence is speculation and hearsay , then causing the dismissal of the evidence, is an obstruction of the process.

**Timing:**

The timing of these events, closely aligned with my attempts to address my injury and claim rights, this strengthens the argument for retaliatory intent.

**State Law:**

REDA and workers' compensation are state laws, making this a state-level issue

**ADA (Americans with Disabilities Act):**

my injury resulted in a disability as defined by the ADA, and the misrepresentation was motivated by disability discrimination, i might have an ADA claim.

If the misrepresentation was done to prevent me from getting reasonable accommodations, that is a federal violation.

the misrepresentation was done because i exercised my rights under the ADA, that is a federal violation.

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331

Claim 11- Threats and misrepresentation regarding my

employment status tied to my injury.

Wrongful termination/ **North Carolina Retaliatory Employment Discrimination Act (REDA):violation/** federal violation.

my injury results in a disability as defined by the ADA, and the threats and misrepresentations are based on that disability, i may have an ADA claim.

Threatening to remove me from my job assignment and i requested a reasonable accommodation.
Misrepresenting my employment status to deny my ADA protections.
Retaliation for exercising my rights under the ADA, is a federal violation.

**Federal Law:**

The ADA and FMLA are federal laws, so claims are handled through the EEOC and potentially in federal court.

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331 (Federal Question Jurisdiction)/

Claim 12 – on date of Dec/01/2022/ (Caitlin bond) threat to mark me as having quit if i did not take one of the job offers reflects retaliation for asserting my rights related to my work-related injury, which is also covered under REDA.

North Carolina Retaliatory Employment Discrimination Act (REDA) Violations: If the job offers were presented as a way to avoid addressing my work-related injury or to circumvent the workers' compensation process, the threat becomes even more clearly retaliatory.

my work-related injury resulted in a disability as defined by the ADA, the manager's actions could be considered disability discrimination.

the job offers where not reasonable accommodations, and where offered to prevent you from seeking reasonable accommodations, then that is a violation

Claim 13-on date of Dec/07/2022/ (Caitlin bond)- failure to provide reasonable accommodations for my medical condition, such as obtaining necessary documentation from my dermatologist and allowing the time and support needed to manage my symptoms, constitutes potential disability discrimination. Under the Americans with Disabilities Act (ADA) and similar state laws, employers are required to engage in an interactive process to determine appropriate accommodations for employees with disabilities

North Carolina Retaliatory Employment Discrimination Bureau (REDB) - REDA Violations:

**Overlapping Rights:**
It's possible for both the ADA and REDA to apply in the same situation.
my medical condition is a disability under the ADA and is also related to a work-related injury, i could have rights under both federal and state law.

**Failure to Accommodate (ADA):**

my request for the office manager to obtain my work absence and restriction notes from the dermatologist's office was a reasonable accommodation request.

The manager's explicit agreement and subsequent failure to fulfill this request constitutes a failure to accommodate my disability-related needs.

The manager's intentional inaction, despite being aware of my medical condition and the need for documentation, demonstrates discriminatory treatment based on my disability.

The managers actions directly impeded my ability to receive medical care, and to properly process my workers compensation claim.

The manager's failure to obtain the documentation, which directly impacted my workers' compensation hearing, can be seen as retaliation for asserting my rights related to my occupational disease

Caitlin bond then being dishonest to the REDA investigator, is a further act of retaliation

## Obstruction of Workers' Compensation Benefits (REDA):

The lack of necessary documentation directly hindered my ability to present my case at the NCIC hearing.

This obstruction is a clear violation of REDA, which protects employees from retaliation for exercising their workers' compensation rights.

## Misrepresentation/False Statements:

(Caitlin bond)was being dishonest to the REDA investigator, is a misrepresentation of the events.

The manager also set me up, to give false information at the NCIC hearing, by not getting the requested documents.

The manager's actions constitute a series of discriminatory acts that violate both REDA and the ADA.

These actions demonstrate a clear pattern of failure to accommodate, disability discrimination, and retaliation.

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331 (Federal Question Jurisdiction)

Claim 14 -on date(s) 11/21/2022 – 11/28/2022/The Termination after the employer's knowledge of my treatment, indicating retaliatory behavior

**Wrongful Termination:**

the termination was because of my disability, because i sought treatment for that disability, or because i asked for reasonable accommodations, it is wrongful termination under the ADA. **REDA Violation**

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331 (Federal Question Jurisdiction)

claim15 – on date dec/07/2022/-( Caitlin bond) The failure to provide me with the incident report and relevant safety data sheets before my dermatologist visit constitutes a failure to accommodate my needs related to my occupational disease. This can be viewed as retaliatory behavior under REDA, especially since it directly impacted my ability to pursue my claim for workers' compensation and seek necessary treatment Failure to provide necessary documentation and support related to my injury/

## North Carolina Retaliatory Employment Discrimination Bureau (REDB) - REDA Violations:

### Failure to Provide Necessary Documentation:
(Caitlin bond) refusal to provide the incident reports, despite having them emailed to her, directly hinders my ability to document my work-related injury.
This is a clear failure to provide necessary documentation related to my injury

## Federal Law Violations - ADA (Americans with Disabilities Act):

### Disability Discrimination:
My occupational disease qualifies as a disability under the ADA, the office manager's refusal to provide the incident reports could be seen as discrimination based on my disability.
Withholding information that is needed for proper medical treatment, is a discriminatory act.
### Failure to Accommodate:

Requesting information about the chemicals i was working with for medical purposes is a reasonable accommodation request.
The manager's refusal to provide this information, despite having it, is a failure to accommodate my disability.

**Federal Law:**
The ADA is a federal law, making this a federal-level issue.

**Intentional Withholding:**
The fact that the (Caitlin bond) had the incident reports emailed to her on date 11/14/2022/ but refused to provide them demonstrates intentional withholding of crucial information.

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331 (Federal Question Jurisdiction)

Claim 16-on date 11/28/2022/- Discriminatory treatment concerning my medical attention and subsequent termination

my medical attention is related to a work-related injury, both REDA and the ADA could apply.

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331 (Federal Question Jurisdiction)

Claim 17 – on date April/18/2023/- (Caitlin bond) The initial refusal of  to provide me with the job end assignment report, followed by the eventual provision of a report that included misleading statements, constitutes retaliation for my attempts to obtain necessary documentation related to my claim.

## North Carolina Retaliatory Employment Discrimination Act (REDA) Violation:

### Retaliatory Actions:
Caitlin bond initial refusal to provide the job end assignment report, followed by the provision of a report with misleading statements, clearly demonstrates retaliatory behavior.
The office manager's admission that she didn't want me to see the report because it contained false statements is a key piece of evidence.
The actions taken by the employer insurance lawyer, shows a clear intent to work with the temp staffing agency, to cause me harm.

### Obstruction of Workers' Compensation Claim:
The false statements and the manipulation of the report are designed to undermine my workers' compensation claim.

The removal of accurate information and the retention of misleading information is a direct attempt to misrepresent my condition and my reasons for turning down job offers.

**Intentional Misrepresentation:**

The fact that the office manager knew that her statements about my injury "didn't count" because she's not a doctor, but still included false statements about my reasons for turning down jobs, shows a clear intent to misrepresent my situation

## ADA (Americans with Disabilities Act)

my skin condition qualifies as a disability under the ADA, the false statements and the manipulation of the report could be seen as disability discrimination.
 the actions were taken to prevent me from getting reasonable accommodations, that is a federal violation.
If the actions were taken because i exercised my rights under the ADA, that is a federal violation.
The fact that they kept the portion about me turning down 40 hours a week jobs, when Caitlin bond can see the bleeding rashes all over my arms, can be used as evidence of disability discrimination.

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331

Claim 18 - The actions of (Caitlin bond) in providing all relevant information to the employer's insurance lawyer for the hearing on April/18/2022/ while withholding it from me, further it reflected a retaliatory motive, as it directly undermined my ability to effectively advocate for myself during the hearing.

> The primary focus of this situation is likely a REDA violation, due to the direct impact on my workers' compensation rights.

> An ADA violation could be present, but only if my injury meets the definition of a disability under the ADA, and the actions of (Caitlin bond) were taken because of that disability.

> This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331 (Federal Question Jurisdiction)

Claim 19 – on date may/12/2023/ - (caitlin bond) The false report provided by the market manager, in collaboration with (Caitlin bond) and the employer client company, to misrepresent my employment status further reflects retaliatory behavior aimed at discrediting my claims and obstructing my access to benefits

**Retaliatory Misrepresentation:**

The false report, designed to misrepresent your employment status, is a deliberate attempt to discredit my claims and obstruct my access to workers' compensation benefits.
This collaborative effort demonstrates a coordinated retaliatory motive.
The false report, is a direct action to cause me harm.

**Obstruction of Benefits:** Misrepresenting my employment status directly hinders my ability to establish my eligibility for workers' compensation benefits.

This is a clear act of retaliation, as it's designed to deny me my rightful benefits.

**State Law:** REDA and workers' compensation are state laws, making this a state-level issue.

**Federal Law (Americans with Disabilities Act - ADA): Disability Discrimination:**

my injury resulted in a disability as defined by the ADA, and the false report was created to deny you reasonable accommodations or otherwise discriminate against me based on my disability, i may have an ADA claim.

the false report was done to prevent me from getting reasonable accommodations, that is a federal violation. If the false report was done because i exercised my rights under the ADA, that is a federal violation.

**Retaliation:**

If the report was created because i requested accommodations or exercised my ADA rights, it's retaliation.

**Federal Law:**

The ADA is a federal law, making this a potential federal-level issue

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331

(Employer)( employment Bridge)

Claim 1- on date of 12/20/2022/- The refusal of the (employer client company) and (Caitlin bond) to discuss the incident report and the subsequent firing, based on misinformation provided by (Caitlin bond), constitutes retaliation for my attempts to seek clarification and assert my rights.

my occupational disease resulted in a disability as defined by the ADA, and the misinformation and firing were related to that disability, i might have an ADA claim.

The ADA prohibits discrimination against qualified individuals with disabilities.

## Intersection of REDA and ADA:

It's possible for both REDA and the ADA to apply in the same situation. For example, if it was retaliated against for filing a workers' compensation claim related to a disability, i could have claims under both laws

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331 (Federal Question Jurisdiction)

Claim 2- The actions of (Caitlin bond) in providing all relevant information to the employer's insurance lawyer for the hearing on April/18/2022/ while withholding it from me, further it reflected a retaliatory motive, as it directly undermined my ability to effectively advocate for myself during the hearing.

The primary focus of this situation is likely a REDA violation, due to the direct impact on my workers' compensation rights.

An ADA violation could be present, my injury meets the definition of a disability under the ADA, and the actions of the (Caitlin bond) where taken because of that disability.

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331 (Federal Question Jurisdiction)

Claim 3 – on date April/18/2022/-Dec/20/2024 (The employer's insurance lawyer's) objections to my evidence submissions, coupled with the dismissal of my workers' compensation claim as a personal issue, constitute retaliation for my attempts to seek benefits related to my workplace injury.

A work-related injury can create a disability that falls under the ADA's definition.
An employer's actions related to a work-related injury can violate both state workers' compensation laws and federal ADA protections.
Therefore, i could have a state-level workers' compensation claim and a federal-level ADA claim simultaneously.

However, if that withholding of information, or other actions, were taken because of a disability that resulted from my work injury, or because i exercised my rights under the ADA, then the ADA would also apply

This statute grants federal courts jurisdiction over cases
"arising under the Constitution, laws, or treaties of the United
States/ 28 U.S.C. 1331 (Federal Question Jurisdiction)

Claim 4 – on date may/12/2023/ (employer insurance
lawyer )admitted into evidence The false report provided by the
market manager, in collaboration with (Caitlin bond) and the
employer client company, to misrepresent my employment status
further reflects retaliatory behavior aimed at discrediting my
claims and obstructing my access to benefits

**Retaliatory Misrepresentation:**

The false report, designed to misrepresent my employment
status, is a deliberate attempt to discredit my claims and obstruct
my access to workers' compensation benefits.
This collaborative effort demonstrates a coordinated retaliatory
motive.
The false report, is a direct action to cause me harm.
**Obstruction of Benefits:** Misrepresenting my employment status
directly hinders my ability to establish my eligibility for workers'
compensation benefits.
This is a clear act of retaliation, as it's designed to deny me my
rightful benefits.
 **State Law:** REDA and workers' compensation are state
 laws, making this a state-level issue.
 **Federal Law (Americans with Disabilities Act - ADA):**
 **Disability Discrimination:**
 my injury resulted in a disability as defined by the ADA, and the
false report was created to deny me reasonable accommodations

or otherwise discriminate against me based on my disability, i may have an ADA claim.

the false report was done to prevent me from getting reasonable accommodation , that is a federal violation. If the false report was done because i exercised my rights under the ADA, that is a federal violation.

**Retaliation:**
If the report was created because i requested accommodations or exercised my ADA rights, it's retaliation.

**Federal Law:**
The ADA is a federal law, making this a potential federal-level issue

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331

Claim 5 – on date April/18/2023/ -( employer insurance lawyer) dismissal of my legitimate concerns regarding the discrepancies in the reports, especially in light of my acceptance for unemployment benefits, indicates a retaliatory motive to undermine my credibility and impede my claim process.

**North Carolina Retaliatory Employment Discrimination Act (REDA) Violation:**

**Retaliatory Dismissal of Concerns:**
My legitimate concerns about discrepancies in reports are being dismissed, which directly undermines my ability to present a strong workers' compensation claim.

The fact that i was granted unemployment benefits, which typically requires a showing of inability to work due to no fault of my own, contradicts the NCIC's interpretation that i can work 40 hours a week.

The NCIC's dismissal of my concerns, after i provided proof of unemployment benefits, can be seen as retaliation.

### Undermining Credibility:

The dismissal of my concerns, especially in light of my unemployment benefits, is a clear attempt to undermine my credibility and weaken my case.

### Impeding Claim Process

By dismissing my concerns, the NCIC is effectively impeding my ability to pursue my workers' compensation claim.

### State Law

REDA and workers' compensation are state laws, making this a state-level issue.

## Federal Law Violations

### ADA (Americans with Disabilities Act)

 my occupational disease resulted in a disability as defined by the ADA, the dismissal of my concerns could be seen as discrimination based on my disability.

If the NCIC, or the employer, dismissed my concerns to prevent me from getting reasonable accommodations, that is a federal violation.

If the NCIC, or the employer, dismissed my concerns because i exercised my rights under the ADA, that is a federal violation.

**Due Process**
The 14th Amendment of the U.S. Constitution guarantees due process rights.
 the NCIC's actions are deemed to have denied me a fair hearing or the opportunity to present evidence, it could be a due process violation.
Due process rights are both state and federal

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331

Claim6 /FEB/26/2024/ -(employer insurance lawyer) Dismissal of my claims by the North Carolina Industrial Commission without proper consideration of

 my injury and treatment. North Carolina Retaliatory Employment Discrimination Act (REDA) Violations

While due process rights are protected by the 14th Amendment of the U.S. Constitution (federal), they also have state-level counterparts.

If i believe the NCIC's dismissal violated my due process rights, i could pursue remedies within the North Carolina state court system
The dismissal of my claims by the NCIC is primarily a state law issue.
i would typically pursue appeals and legal remedies within the North Carolina state court system.

Federal law can become involved, but only under very specific circumstances.

Claim 7 – **on date of June/25/2024/(employer insurance lawyer)** The refusal of the North Carolina Industrial Commission to hold a hearing or consider my new evidence represents a potential violation of my due process rights, which could also be interpreted as retaliation for my attempts to assert my rights regarding workers' compensation

the NCIC's refusal to hold a hearing or consider my new evidence raises serious concerns about due process and potential retaliation
Due process rights are protected by both federal and state constitutions.
Therefore, i could potentially have claims under both federal and state law.

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331

Claim 8 – ( employer's insurance lawyer) objections to my new evidence and framing of the situation as a personal issue, rather than addressing the workplace-related claims, further illustrates a retaliatory motive against me for pursuing my workers' compensation benefits
state law/ REDA violation

Supplemental Jurisdiction (28 U.S.C. 1367)

Claim9- Breach of Contract/(employer) If an employer fails to honor the terms
outlined in the conditional offer after the conditions have been met, it may constitute a breach of contract .i indeed did get fired
for claiming workers comp when i was going to get the job full time at meritor

Conditional Offer Terms Statement of Future Employment – The temp staffing agency office manager indicated that if i performed well, i could be hired for a full-time position. This could be considered a conditional offer based on my performance

If my occupational disease qualifies as a disability under the ADA, the failure to provide reasonable accommodations could be an ADA violation.

However, the primary issue i have described is retaliation for workers' compensation, which is a state matter. If the occupational disease, is considered a disability, then the failure to accommodate is a federal violation.
situation primarily involves North Carolina state law, with a strong potential REDA claim. Federal law (ADA) may be relevant, but it's secondary to the state-level issues

**claim 10 - Fraud**

the office manager intentionally provides false information, conceals crucial evidence, or engages in deceptive practices with the intent to deprive me of my rightful benefits (workers' compensation, etc.), it could be considered fraud.

This is especially true if there's a financial motive or if they are trying to mislead legal proceedings.

**Claim11- Conspiracy**

the office manager is working in collusion with the employer or their insurance company to misrepresent facts or obstruct my claim, it could be considered a conspiracy.

This involves an agreement between two or more parties to commit an illegal act.

**Claim 12 Obstruction of Justice:**

(Caitlin bond) are intended to impede a legal process (e.g., a workers' compensation hearing, a REDA investigation), it could be considered obstruction of justice.

This includes actions like tampering with evidence, providing false testimony, or intimidating witnesses.

**Claim 13 Breach of Fiduciary Duty (Potential):**

While less direct, the temp staffing agency or its employees have a duty to act in the best interests of their employees their actions could be seen as a breach of that duty.

**REDA Violations:**

(Caitlin bond) acts to harm an injured employee and benefit the employer, it can raise serious legal questions.

**Claim 14 - Fraud/Conspiracy (Potential):**

"The Plaintiff contends that the investigation conducted by the North Carolina Retaliatory Employment Discrimination Act (REDA) was inadequate and failed to properly address the Plaintiff's complaint. Specifically, on or around June 2023, the REDA investigator interviewed the employer client company's floor supervisor regarding an incident report dated October 26, 2022. The floor supervisor refused to answer any questions, stating, 'nahh im not answering any questions it a waste of time that person doesn't even work here anymore.' The investigator responded by stating 'oka thats fine and left', failing to pursue any further inquiry. This passive response demonstrates a clear lack of due diligence on the part of the investigator. Furthermore, the investigator informed me that she found 'no merit' in the complaint, which led me to request and receive a 90-day right-to-sue letter. i stopped the investigation due to the investigators statements. I asserts that this inadequate investigation has significantly hindered my ability to obtain crucial evidence and pursue their REDA claim for wrongful termination due to seeking treatment for a work-related injury. The Plaintiff respectfully requests that the Court consider these deficiencies when evaluating the merits of the Plaintiff's case

Im telling the truth and nothing but the truth so help me (GOD)

The collaborative actions of the temp staffing agency, employer client company, and insurance lawyer could potentially constitute fraud or conspiracy.
These actions where done to prevent me from getting my rightful benefits
The discriminatory treatment created a hostile environment and undermined my ability to receive proper medical care.
The firing was the culmination of this discriminatory treatment, intended to punish me for seeking medical attention and asserting my rights

This statute grants federal courts jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States/ 28 U.S.C. 1331 (Federal Question Jurisdiction)

*Clayton Bean*

03/13/25